IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cr-00051-MR-WCM

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES LEWIS SANFORD | ) | |
| | ) | |
| _____ | ) | |

This matter is before the Court on a Petition for Writ of Habeas Corpus ad Prosequendum (Doc. 13).

I. Relevant Background

The information of record indicates the following:

On June 9, 2023, Defendant was arrested in Cleveland County, North Carolina by the Cleveland County Sheriff's Office for the state crimes of possession of a firearm by a convicted felon, driving under the influence, possession of drug paraphernalia, and having an open container after consuming alcohol. Doc. 12 at 1. Defendant was issued a $15,000.00 secured bond in connection with these charges and was also sentenced to 30 days for contempt of court.[1] Defendant's contempt sentence was presumably due to be completed on July 8, 2023. Id.

---

[1] During Defendant's detention hearing before the undersigned, the Government's evidence indicated the contempt sanction was based on Defendant's misbehavior before the state judicial officer.

1

On June 21, 2023, a Bill of Indictment was filed in this district charging Defendant with one count of illegally possessing a firearm and ammunition in violation of Title 18, United States Code, Section 922(g)(1). Doc. 1. An arrest warrant was issued for Defendant the same day. Doc. 2.

On June 22, 2023, Homeland Security Investigations ("HSI") Special Agent Willie Carswell was provided with a copy of the indictment and the arrest warrant. Doc. 12 at 1.

On June 23, 2023, Agent Carswell served the arrest warrant on Defendant at the Cleveland County Detention Center. Though Defendant was serving his state contempt sentence and was still under a secured state bond at the time, deputies at the Cleveland County Detention Center released Defendant to Agent Carswell. Id. at 1-2. Agent Carswell then moved Defendant to the Buncombe County Detention Center in anticipation of his initial appearance in federal court. Id. at 2.

The same day, June 23, 2023, the Government filed a Petition for Writ of Habeas Corpus Ad Prosequendum which stated that Defendant was presently detained in the Buncombe County Detention Center and asked that a writ be issued for his appearance before this Court. Doc. 3. The Petition was granted, and a Writ was issued on June 26, 2023. Doc. 4.

On June 27, 2023, a statement from the United States Marshal's Service ("USMS") was filed stating that the Writ was being returned unexecuted and

was invalid since HSI (Agent Carswell) had arrested Defendant on the federal warrant on June 23. Doc. 5.

On June 28, 2023, federal agents delivered Defendant to the USMS for his initial appearance on the indictment, which was conducted that day. Defendant moved for the appointment of counsel and his request was allowed. In addition, the Government moved for pretrial detention. Defendant was therefore detained pending his arraignment and a detention hearing, which were scheduled for July 3, 2023.

On July 3, Defendant, his attorney, and counsel for the Government appeared before the Court. In light of the lack of clarity regarding Defendant's federal custodial status, the Court did not proceed with an arraignment and a detention hearing but instead set an expedited briefing schedule on the issue of Defendant's status, and scheduled Defendant's arraignment, a detention hearing, and any necessary hearing relating to Defendant's federal custodial status for July 7, 2023.

On July 5, 2023, the Government filed a Brief Regarding Detention, along with a new Petition for Writ of Habeas Corpus Ad Prosequendum. Docs. 12, 13.

The following day, defense counsel filed a response to the Government's brief, as well as a letter of support in connection with the upcoming detention hearing. Docs. 14, 15.

On July 7, 2023, the Court conducted additional proceedings, beginning with a status conference to address the issue of Defendant's status in federal custody, followed by an arraignment and a detention hearing.[2]

## II. Discussion

The Government states that the original Writ, which had indicated that Defendant was detained in the Buncombe County Detention Center, "was a nullity because Defendant was not in Buncombe County's custody" but rather "was being held federally at Buncombe County under its contract with the USMS." Doc. 12 at 2. The Government also contends that the anti-shuttling provisions of the Interstate Agreement on Detainers Act ("IADA") do not apply and that Defendant is in lawful federal custody as a result of Agent Carswell's service of the arrest warrant.

Defendant argues that the IADA does apply and has not been violated but, in the alternative, even if the IADA does not apply, Defendant should still be considered to be in lawful federal custody.

That is, while the Government and Defendant differ in their analysis of the issue, they agree that Defendant should be considered to be in lawful federal custody.

---

[2] At the conclusion of the detention hearing, Defendant was ordered detained pending further proceedings. That ruling was subsequently challenged by Defendant and the issue is pending before the presiding District Judge.

Noting that a Bill of Indictment was returned on June 21, 2023 and an arrest warrant was issued for Defendant on the same day, and further noting that the information presented indicates that the arrest warrant was served by Agent Carswell on Defendant when Defendant was released to Agent Carswell by personnel at the Cleveland County Detention Center, and further in light of the fact the parties are in agreement that Defendant should be considered to be in federal custody, the undersigned concludes that "the body of James Lewis Sanford, B/M, DOB 08/10/1982" has been brought before the Court and that Defendant has made an appearance before the undersigned on the Bill of Indictment now pending in this district.

The Court is not, however, persuaded that a writ should be issued at this time. Practically, as the parties agree that Defendant is in federal custody, a writ directing that Defendant be brought into federal custody would be superfluous and unnecessary.

In addition, the new Petition that the Government has submitted indicates, incorrectly, that Defendant "is presently detained in the Cleveland County Detention Center," even though Defendant apparently has not been at that facility since June 23 when Agent Carswell removed Defendant and took Defendant into his custody.

**IT IS THEREFORE ORDERED THAT** the Government's Petition for Writ of Habeas Corpus Ad Prosequendum (Doc. 13) is **DENIED AS MOOT**.

Signed: July 20, 2023

W. Carleton Metcalf
United States Magistrate Judge