IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cr-00051-MR-WCM

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES LEWIS SANFORD | ) | |
| _____ | ) | |

This matter is before the Court on a multipage *pro se* filing by Defendant, Doc. 24, the first page of which is titled "application for habeas corpus–writ habeas corpus–federal." However, the materials appear to pertain to multiple topics, and include numerous items, and/or multiple copies or portions of items, such as handwritten documents by Defendant, documents associated with Defendant's state charges, and documents filed in the instant federal matter.

Local Criminal Rule 47.1(g) reads as follows:

> Except for challenges to the effective assistance of counsel, the Court will not ordinarily entertain a motion filed by a criminal defendant who is still represented by counsel and has not formally waived the right to counsel in the presence of a judicial officer after being fully advised of the consequences of waiver. Exceptions to this general rule may be made in the discretion of the judicial officer considering the *pro se* motion.

1

Accordingly, as Defendant is represented by counsel, to the extent his filings are intended to be motions or requests that pertain to matters *other than issues of counsel*, such motions or requests are **DENIED** as being in violation of Local Criminal Rule 47.1(g).

To the extent Defendant is attempting to raise *issues related to the representation by his attorney in this matter*, the Clerk is respectfully directed to schedule a hearing regarding the status of counsel.

It is so ordered.

Signed: August 1, 2023

W. Carleton Metcalf
United States Magistrate Judge

2

Case 1:23-cr-00051-MR-WCM   Document 25   Filed 08/02/23   Page 2 of 2