IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-CR-51-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> JAMES LEWIS SANFORD ) <br> ) <br> Defendant ) <br> ) | ORDER |

This matter came before the Court on August 7, 2023 for an inquiry into the status of counsel following the submission of a multipage *pro se* filing by Defendant ("Defendant's Materials"). Doc. 24. The Government was represented by Special Assistant United States Attorney Annabelle Chambers. Defendant appeared with his counsel, Howard W. Anderson, III. At the conclusion of the hearing, the undersigned took the matter under advisement. This Order now follows.

I. Relevant Procedural Background

James Lewis Sanford ("Defendant") was indicted on June 21, 2023 for illegally possessing a firearm and ammunition in violation of 18 U.S.C. §922(g)(1). Doc. 1.

Defendant made his initial appearance on June 28, 2023 at which time he moved for the appointment of counsel. His request was granted and, on June 29, 2023, Mr. Anderson was appointed to represent Defendant.

1

Arraignment and detention hearings were scheduled for July 3, 2023, but the Court did not proceed with them at the time due to a lack of clarity regarding Defendant's federal custodial status.

On July 7, 2023, the Court conducted additional proceedings, including an arraignment and a detention hearing, following which Defendant was ordered detained. Doc. 17.[1]

Subsequently, the undersigned also denied as moot a petition by the Government for a Writ of Habeas Corpus Ad Prosequendum. Docs. 13, 20.

On July 31, 2023, Defendant's Materials were docketed. Doc. 24.

By Order entered on August 2, 2023, to the extent these materials were intended to be motions or requests that pertained to matters other than issues of counsel, such motions or requests were denied. To the extent Defendant's Materials attempted to raise issues related to Mr. Anderson's representation in this matter, the Court directed the Clerk to schedule a hearing. Doc. 25.

An inquiry into the status of counsel was thereafter scheduled for August 7, 2023.

---

[1] An appeal of the detention ruling is currently pending before the presiding District Judge.

## II. The Proceedings on August 7, 2023

After the case was called, Mr. Anderson requested that the Court hear from Defendant in a closed setting. That request was allowed without objection by the Government and the courtroom was closed and the record was sealed.[2]

The Court then heard from Mr. Anderson about the current disagreements between himself and Defendant. Specifically, Mr. Anderson identified two (2) issues, both of which pertain to Defendant's disagreement with Mr. Anderson's opinions as to matters of law and strategy. Mr. Anderson advised that though he believes there is a sufficient basis for a change of counsel if the Court were to order one, he was not moving to withdraw and was willing to continue representing Defendant.

The Court then heard at length from Defendant, who confirmed that he does wish to continue to be represented by counsel and identified the same areas of disagreement between himself and Mr. Anderson that Mr. Anderson had previously discussed. After the undersigned asked Defendant directly whether he wanted Mr. Anderson to continue representing him, he

---

[2] Matters discussed during the sealed portion of the hearing are referenced in this Order only to the extent they do not appear to implicate privilege or other confidentiality concerns and are necessary for the memorialization of the Court's ruling.

ultimately indicated he thought a change of counsel would be best, though he was somewhat equivocal in that regard.

The courtroom and the record were subsequently unsealed.

The Government took no position regarding the issue of counsel.

Finally, both the Government and Mr. Anderson indicated that they had no concerns with respect to Defendant's competency

## III. Legal Standard

In evaluating the status of counsel in this matter, the Court has considered the following factors: 1) the timeliness of Defendant's Materials; 2) the reasons given as to why counsel's representation should not continue; and 3) whether the conflict between Defendant and counsel is so great that it has resulted in a total lack of communication preventing an adequate defense. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988); see also McCracken v. United States, No. 318CR162RJCDSC1, 2021 WL 5018698, at *7 (W.D.N.C. Oct. 28, 2021) ("The substitution or withdrawal of counsel is discretionary and requires consideration of factors including whether a conflict between the attorney and client amounts to a breakdown in communication so great that it prevents an adequate defense.") (citations omitted).

## IV. Discussion

Defendant's request for a review of issues pertaining to counsel is timely, as those issues have arisen recently. Further, though the case was originally calendared for trial during the August 28, 2023 term, a motion to continue the trial was filed by Mr. Anderson on July 26, 2023 and is currently pending. Doc. 23. A motion to suppress, which was filed on August 7 after the status of counsel hearing was completed, is also pending. Doc. 26.

With regard to the basis of the disagreements between counsel and Defendant, this case does not present a situation in which an attorney-client relationship has encountered difficulties due to a lack of communication. To the contrary, the information presented indicates that Defendant and Mr. Anderson have been and continue to be in discussions about this matter. Rather, the disagreements center on their differing interpretations of certain legal issues and their differing views regarding trial strategy.

As for the extent of the breakdown in their relationship, Defendant strongly disagrees with Mr. Anderson's opinions regarding certain legal issues and is significantly dissatisfied with Mr. Anderson's unwillingness to take certain actions. However, "[w]hen one 'chooses to have a lawyer manage and present his case,' he cedes 'the power to make binding decisions of trial strategy in many areas." United States v. Roof, 10 F.4th 314, 352 (4th Cir. 2021) (quoting Faretta v. California, 422 U.S. 806, 820, 95 S.Ct. 2525 (1975));

5

see also United States v. Belton, 5:18-CR-113-FL, 5:21-CR-419-FL-2, 2022 WL 1081831, at *5 (E.D.N.C. Apr. 11, 2022) (citations omitted) ("Most trial strategy decisions, including scheduling issues, what pretrial motions to file, what evidence to be introduced, and what objections should be raised, may be made by counsel without defendant's input."). In addition, when asked directly if he wanted new counsel, Defendant was somewhat equivocal and, as noted, Mr. Anderson has not moved to withdraw and states that he is willing to continue representing Defendant.

Under these circumstances, the undersigned is not persuaded that a change of counsel is warranted at this time.

**IT IS THEREFORE ORDERED THAT** to the extent Defendant's Materials (Doc. 24) request a change of counsel, such request is **DENIED.**

W. Carleton Metcalf
United States Magistrate Judge